In The
*Court of Appeals*
*Ninth District of Texas at Beaumont*
NO. 09-22-00438-CV
IN RE JAMES MUZZY

_____

**Original Proceeding**
**435th District Court of Montgomery County, Texas**
**Trial Cause No. 13-01-00183-CV**
_____

## MEMORANDUM OPINION

In a mandamus petition, James Muzzy seeks to compel the trial court to vacate unidentified orders relating to Muzzy's petition for transfer to less restrictive housing and supervision under Subchapter E of the Texas Health and Safety Code. *See generally* Tex. Health & Safety Code Ann. § 841.0834.[1] Muzzy's mandamus record lacks the petition Muzzy filed with the trial court, the State's response to his petition, a record of any hearings conducted by the trial court, and any orders signed

---

[1] Muzzy is subject to an order of civil commitment as a sexually violent predator. *See In re Commitment of Muzzy*, No. 09-13-00496-CV, 2014 WL 1778254, at *1 (Tex. App.—Beaumont, May 1, 2014, pet. denied) (mem. op.).

by the trial court.[2] Appellate courts do not decide cases in a vacuum. In a mandamus proceeding, the relator must file with the petition (1) a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in the underlying proceeding and (2) file a properly authenticated transcript of any relevant testimony from any underlying proceeding. Tex. R. App. P. 52.7(a). Muzzy failed to satisfy his burden of providing this Court with a sufficient record to establish his right to mandamus relief. *See Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding). Accordingly, we deny the petition for a writ of mandamus without prejudice to refiling. *See* Tex. R. App. P. 52.8(a).

PETITION DENIED.

PER CURIAM

Submitted on January 18, 2023
Opinion Delivered January 19, 2023

Before Golemon, C.J., Horton and Wright, JJ.

---

[2] Muzzy failed to certify that he served a copy of the petition on the Respondent and the Real Party in Interest. *See* Tex. R. App. P. 9.5. We use Rule 2, however, to look beyond these deficiencies to reach an expeditious result. *See* Tex. R. App. P. 2.